UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANDONG YUYUAN LOGISTICS CO., LTD,      Case No.: ___-cv-___ (___)

                Plaintiff,

-against-     **VERIFIED COMPLAINT**

SOLEIL CHARTERED BANK, SOLEIL
CAPITALE CORPORATION, and GOVIND
SRIVASTAVA,

                Defendants.

---

Plaintiff Shandong Yuyuan Logistics Co., LTD ("Shandong"), by and through its undersigned attorneys, as and for its Verified Complaint against Soleil Chartered Bank ("Soleil Bank"), Soleil Capitale Corporation ("Soleil Capitale") and Govind Srivastava ("Srivastava"), alleges as follows:

## THE PARTIES

1. Plaintiff Shandong is a Chinese corporation with its principal place of business at Northwest Corner of Tauyuyuan St. and Gaowu Rd., Comprehensive Free Trade Zone, Weifang, People's Republic of China.

2. Upon information and belief, defendant Soleil Bank is a bank registered in Union of Comoros with an office at 55 Wall Street, Suite 530, New York, NY.

3. Upon information and belief, defendant Soleil Capitale is a New York corporation with its headquarters at 55 Wall Street, Suite 530, New York, NY.

4. Upon information and belief, defendant Srivastava is a resident of New York. Srivastava is "based out of New York" and the Chairman of Soleil Group, the CEO of Soleil Capitale and the manager of Soleil Bank. Upon information and belief, Srivastrava has complete control over all of the Soleil entities and until an accounting is given, it cannot be determined which of these entities was involved in the action at bar.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

6. This Court has personal jurisdiction over Soleil Bank and Soleil Capitale because they conduct business in New York, New York.

7. This Court has personal jurisdiction over Govind Srivastava because he is a resident of New York, does business in New York, New York and "is based out of New York."

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of New York or, alternately, pursuant to 28 U.S.C. § 1392(b)(3). In addition, venue is proper in this District because Soleil Bank, Soleil Capitale and Srivastava are all present and doing business within this District.

## FACTUAL BACKGROUND

9. On or about September 19, 2016, Soleil Bank issued an irrevocable letter of credit ("Letter of Credit") in the amount of USD 345,000 for the benefit of Shandong payable upon delivering certain document including bills of lading ("The Documents") to secure a sale of cargo of urea to Radha International Corp. ("Radha").

10. On or about October 27, 2016, Soleil Bank sent a SWIFT notice from the account of Soleil Capitale notifying Plaintiff that they rejected The Documents for a discrepancy and would hold The Documents until receiving "disposal instructions."

11. On or about November 25, 2016, Plaintiff sent Defendants a SWIFT notifying Defendants that Radha had accepted the discrepancy and requested Defendant complete the transaction.

12. On or about December 1, 8 and 13, 2016, Plaintiff sent Defendants SWIFT messages informing Defendants that Radha told Plaintiff that Radha had taken delivery of the cargo and requesting payment from Defendants under the Letter of Credit.

13. On or about December 22 and 29, 2016, Plaintiff sent Defendants SWIFT messages requesting the return of The Documents.

14. On or about December 29, 2016, Defendants sent an email informing Plaintiff that Radha did not have funds to pay "taxes, duties, shipment costs" and the Defendants paid $45,000 on behalf of Radha and took ownership of the cargo.

15. On or about January 4, 2017, Defendants sent an email informing Plaintiff that Defendants stored the cargo in a warehouse and is trying to sell it on Plaintiff's behalf.

16. On or about January 5, 2017, Plaintiff sent a SWIFT requesting either a return of The Documents or payment under the Letter of Credit.

17. Upon information and belief, Defendants delivered the Documents to the shippers and took delivery of the cargo on or about November 13, 2016.

18. Upon information and belief, Defendants sold the cargo and received money.

19. Defendants have made payments to Plaintiff of $106,000, without an accounting or disclosure of the underlying sales or transactions.

20. Defendants have not given an accounting of the remaining $238,080 of cargo that Defendants took possession of in connection with the Letter of Credit.

## AS AND FOR A FIRST CLAIM FOR RELIEF

(Breach of Contract)

21. Defendant issued the Letter of Credit with Plaintiff as the beneficiary under the Letter of Credit.

22. Under the terms of the Letter of Credit, Defendants were required to hold The Documents upon rejection of their tender.

23. Defendants failed to hold The Documents and in fact delivered them to unknown third parties.

24. The delivery of The Documents to third parties without Plaintiff's authorization was against the terms of the contract

25. Without the return of The Documents, Plaintiff has been unable to take possession of their cargo.

26. Defendants' delivery of The Documents to third parties has damaged Plaintiff to the extent that the value of the cargo has been reduced.

## AS AND FOR A SECOND CLAIM FOR RELIEF

(Unjust Enrichment)

27. Plaintiff is the rightful owner of the cargo.

28. The Documents were delivered to Defendants solely for the purposes specified under the Letter of Credit.

29. Defendants wrongfully used the Documents to take control of the cargo which did not belong to them.

30. Defendants sold the cargo and received proceeds from those sales.

31. Defendants are currently in possession of Plaintiff's cargo.

32. Any and all proceeds from any and all sales are the rightful property of Plaintiff.

33. Defendant has been unjustly enriched to extent of any money retained from the sale of the cargo and the remaining cargo which properly belong to Plaintiff.

## AS AND FOR A THIRD CLAIM FOR RELIEF

(Breach of Fiduciary Duty)

34. Defendants took it upon themselves to act as fiduciaries "to protect Shandong from heavy losses."

35. Defendants stated that the were "doing this to protect Shandong."

36. Although not requested or agreed to, Defendants' decision to take control of Shandong's cargo and "protect" Shandong created a fiduciary relationship.

37. Defendants have not complied with the requirements of good faith and fair dealing through their refusal to provide Plaintiff with any information concerning the sales Defendants claim to have made on Plaintiff's behalf.

38. Upon information and belief, Defendants' sales were not conducted in Plaintiff's best interest.

39. To the extent Defendants' action have resulted in a decrease in value of the cargo, the Plaintiff has been damaged.

## AS AND FOR A FOUTH CLAIM FOR RELIEF

(Accounting)

40. Defendants have unilaterally taken action concerning the cargo and have not disclosed to Plaintiff the details of those transactions.

41. Defendants have not provided Plaintiff an accounting of the transactions said to have been taken on their behalf despite Plaintiff's many requests.

42. Plaintiff cannot determine the full extent of their damages without an accounting of the transactions Defendants claim to have taken on their behalf.

43. Defendants are the only entities that have all of the information concerning the transactions in and about the cargo.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

(Deceptive Acts and Practices, N.Y. GBL § 349(a))

44. Defendants have made deceptive claims concerning their expertise and knowledge of international shipping transactions to consumers of financial services through their websites and other mediums.

45. Defendants deceptively indicated to Plaintiff that they had acted and would continue to act on Plaintiff's behalf and in accordance with their best interest.

46. Defendants have not acted in Plaintiff's best interest as they took Plaintiff's assets and sold them in undisclosed transactions.

47. Plaintiffs have been damaged by the loss of their assets and payment of legal fees and costs as a result of Defendants' acts and practices.

**WHEREFORE,** Plaintiff Shandong respectfully requests that this Court enter judgment:

1. Ordering all defendants to give a full accounting of all transactions concerning the sales and storage of the cargo;

2. Ordering all defendants to return all indices of ownership of any remaining goods to Shandong;

3. Awarding Shandong $238,080 in damages plus interest from the date Defendants took possession of the cargo;

4. Awarding Shandong all costs and legal fees incurred in this action; and

5. Awarding Shandong such other and further relief as the Court may deem just and proper.

Date:   New York, New York

       December 1, 2017

DAI & ASSOCIATES, P. C.

By: /s/ Bernard C. Daley

Bernard C. Daley, Esq. (BD8809)

1500 Broadway, 2200
New York, NY 10036
bdaley@daiassociates.com
Telephone: (212) 730-8880
Fax: (212) 730-8869

Attorneys for Plaintiff Shandong Yuyuan Logistics Co., LTD

## VERIFICATION

I, Amy Blank, am the Manager of Shandong Yuyuan Logistics Co., LTD, and hereby declare under penalties of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint and that the statements made therein are true and correct to the best of my knowledge.

Executed on November 3, 2017

Amy Blank

2017. 11. 22.