```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
SHANDONG YUYUAN LOGISTICS, CO., LTD,

                  Plaintiffs,
                                                17 Civ. 9421 (RWS)
     - against -
                                                OPINION

SOLEIL CHARTERED BANK, SOLEIL CAPITALE
CORPORATION, and GOVIND SRIVASTAVA,

                  Defendants.
------------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiffs
          DAI & ASSOCIATES, P.C.
          1500 Broadway, 22nd Floor
          New York, New York 10036
          By:  Bernard C. Daley, Esq.


          Attorney for Defendants
          PEYROT & ASSOCIATES, P.C.
          62 William Street, 8th Floor
          New York, New York 10005
          By:  David C. Van Leeuwen, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/18

**Sweet, D.J.**

Defendants Soleil Chartered Bank ("SCB"), Soleil Capitale Corporation ("SCC"), and Govind Srivastava ("Srivastava") (collectively, the "Defendants") have moved pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) to dismiss the complaint ("Complaint") of plaintiff Shandong Yuyuan Logistics, Co., Ltd. ("Shandong" or the "Plaintiff"), arising out of a letter of credit issued by SCB ("Letter of Credit"). Based upon the conclusions set forth below, the motion is granted.

## I. Facts & Prior Proceedings

The Complaint sets forth the following facts, which are assumed true for the purpose of this motion to dismiss. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

Shandong, a Chinese corporation, filed the Complaint on December 1, 2017, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332 against SCB, a bank registered in the Union of Comoros, SCC, a New York corporation, and Srivastava, a New York resident. *See* Compl. ¶¶ 1-6.

The Complaint alleges five causes of action arising out of a Letter of Credit in the amount of $345,000 issued for the benefit of Shandong in order to secure a sale of cargo of urea (the "Cargo") to Radha International Corporation ("Radha"). *Id.* ¶ 9. Plaintiff alleges the Letter of Credit was made payable upon the delivery of certain documents, including bills of lading (the "Documents"), to the SCB office at 55 Wall Street, New York. *Id.*

On October 27, 2016, SCB sent notice from SCC notifying Plaintiff that SCB had rejected the Documents for a discrepancy, and that SCB would hold the Documents until receipt of "disposal instructions." *Id.* ¶ 10. On November 25, 2016, Plaintiff sent Defendants notice that Radha had accepted the discrepancy, and Plaintiff requested that SCB complete the transaction. *Id.* ¶ 11. On three occasions in early December 2016, Plaintiff informed Defendants that Radha had taken delivery of the Cargo, and Plaintiff again requested payment from Defendants under the Letter of Credit. *Id.* ¶ 12. On December 22 and 29, 2016, Plaintiff requested Defendants return the Documents. *Id.* ¶ 13. On December 29, 2016, Defendants informed Plaintiff via email that Radha did not have the funds to pay "taxes, duties, shipment costs," and that Defendants instead paid $45,000 on behalf of Radha and took ownership of

2

the Cargo. *Id.* ¶ 14. On January 4, 2017, Defendants told Plaintiff that they had stored the Cargo on a warehouse, and were trying to sell it on Plaintiff's behalf. *Id.* ¶ 15. The following day, Plaintiff requested that Defendants either return the Documents or fulfill payment under the Letter of Credit. *Id.* ¶ 16.

Plaintiff alleges, upon information and belief, that Defendants delivered the Documents to the shippers, took delivery of the Cargo on November 13, 2016, and sold the Cargo in exchange for payment. *Id.* ¶¶ 17-18. Defendants have made payments to Plaintiff totaling $106,000, but have failed to provide an accounting or disclosure of the underlying sales or transactions, or the outstanding $238,080 of Cargo that Defendants took possession of in connection with the Letter of Credit. *Id.* ¶¶ 19-20.

Plaintiff alleges claims for (1) breach of contract, *see id.* ¶¶ 21-26; (2) unjust enrichment, *see id.* ¶¶ 27-33; (3) breach of fiduciary duty, *see id.* ¶¶ 34-39; (4) failure to provide an accounting of transactions, *see id.* ¶¶ 40-43; and (5) deceptive acts and practices in violation of New York General Business Law § 349(a), *see id.* ¶¶ 44-47.

The instant motion of the Defendants was heard and marked fully submitted on March 14, 2018.

**II. <u>The Applicable Standard</u>**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *Id.* "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

## III. Defendants' Motion to Dismiss Plaintiff's Complaint is Granted

The threshold question presented on this motion is whether subject matter jurisdiction exists to withstand dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (internal citations omitted) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."). In the absence of subject matter jurisdiction, "the court must dismiss the complaint in its entirety," including any pendent state-law claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006). The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and 28 U.S.C. § 1332, which establishes diversity of citizenship jurisdiction. *Id.* at 513.

In its Complaint, Plaintiff alleges the Court has diversity jurisdiction over this action. *See* Compl. ¶ 5. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A "party seeking to invoke

5

jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001).

Here, Plaintiff has requested $238,080 in damages, *see* Compl. at 7 ¶ 3, such that there is no dispute that the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. *See Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005) (noting that "for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint").

As to the diversity of citizenship requirement, the parties dispute whether SCB is a citizen of New York sufficient to satisfy this inquiry. *See* Compl. ¶ 6; Defs.' Br. 6-7. Relevant here, the Second Circuit has provided that "[w]hile 28 U.S.C. § 1332(a)(2) permits diversity jurisdiction in cases between 'citizens of a State and citizens or subjects of a foreign state,' . . . that diversity is absent where there are foreign parties on both sides of the case." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 73 (S.D.N.Y. 2013) (quoting 28 U.S.C. § 1332(a)(2)); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*,

692 F.3d 42, 49 (2d Cir. 2012) (diversity jurisdiction lacking "where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."). "For jurisdictional purposes, a corporation is deemed to be a citizen both of the state in which it has been incorporated and the state in which it has its principal place of business." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998) (citing 28 U.S.C. § 1332(c)). A corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities, . . . *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]". *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

It is uncontested that Plaintiff is a Chinese entity with its principal place of business at Northwest Corner of Tauyuyuan Street and Gaowu Road, Comprehensive Free Trade Zone, Weifang, People's Republic of China. *See* Compl. ¶ 1. However, the parties dispute whether SCB is a citizen of the Union of Comoros or of New York. *See* Compl. ¶ 6; Defs.' Br. 6-7. Plaintiff does not allege that SCB is incorporated or has its principal place of business in New York (or any other state),

7

but instead provides that it "is a bank registered in Union of Comoros with an office at 55 Wall Street, Suite 530, New York, NY." Compl. ¶ 2. As noted above, such allegations are insufficient to satisfy diversity, and therefore, subject matter jurisdiction. *See Advani Enters., Inc.*, 140 F.3d at 160 (finding that no "subject-matter jurisdiction over this case under 28 U.S.C. § 1332 because [plaintiff]'s pleadings do not demonstrate that the parties are completely diverse."). Dismissal is required. *See Universal Licensing Corp.*, 293 F.3d at 581 (affirming dismissal where diversity was lacking because action was solely between foreign parties).

IV. **Conclusion**

For the foregoing conclusions, the motion for the Defendants to dismiss the Complaint is granted without prejudice. Shandong is granted twenty (20) days to replead.

It is so ordered.

**New York, NY**
**June 28, 2018**

_____
ROBERT W. SWEET
U.S.D.J.